Involved here is an appeal from a judgment of the First City Court of New Orleans, rendered in an ejectment proceeding brought by a landlord against his tenant. The matter was tried de novo in this court before the writer of this opinion, and a statement of the case and the facts are as follows:
"Plaintiff, James C. Porea, the owner of the lower apartment at 3909 Thalia Street, which had been leased to defendant, Edward Moses, under a month to month verbal arrangement at a rental of $16.00 per month, brought this rule in the lower court on August 11, 1947, against Moses seeking possession of the leased premises upon the ground that plaintiff, in good faith, desired to recover possession, for his immediate and personal use and occupancy as housing accommodations, and for the further reason that a substantial amount of repairs and remodeling are necessary to protect and conserve the property, which work could not practically be done while the defendant occupied the premises. As a predicate for his rule, on July 16, 1947, plaintiff had served upon defendant a notice directing him to vacate at the end of the then current month, August 7, 1947, and the grounds upon which plaintiff's rule for possession is based were specifically set forth in the notice. The notice was given in accordance with R.S. § 2155, as amended (Dart's § 6597), which requires that the landlord desiring possession of the leased premises in a situation such as this, shall give to the tenant a written notice to vacate, ten days before the expiration of the month.
"The usual rule to show cause was issued and served upon defendant, and at the *Page 153 
trial thereof defendant's sole defense was that plaintiff was not in good faith in bringing the possession suit. After a trial in the court below there was judgment in defendant's favor dismissing the rule, from which judgment the present appeal has been prosecuted by plaintiff.
"The matter was first heard in this court on October 13, 1947, and the judgment appealed from was affirmed. However, upon proper application made by plaintiff-appellant, a rehearing was granted, and the matter came on for trial on rehearing on April 22, 1948.
"Plaintiff testified to the following facts at the trial on rehearing, and his testimony is uncontradicted:
"The premises 3909 Thalia Street is a duplex dwelling containing an upper and a lower apartment. The defendant occupies the lower apartment. Plaintiff and his wife, together with their daughter, her husband and their child, occupy the upper apartment, which consists of four rooms and a kitchen. Plaintiff's wife is afflicted with rheumatism and encounters difficulty in negotiating the stairs when going to or leaving the upper apartment. Plaintiff claims that the physical condition of his wife makes it absolutely necessary, in the interest of her comfort, that they occupy the lower apartment. It is intended that when he is able to get possession of the lower apartment, he and his wife will use the same, and that their daughter, her husband and their child will continue to occupy the upper apartment. He stated further that the upper apartment, with the five persons now living in it, is crowded and uncomfortable.
"Plaintiff purchased the property in about 1943. He is a bricklaying subcontractor, and has had much experience with buildings and construction. He stated that the premises 3909 Thalia Street are badly in need of repairs. He particularized the repairs and remodeling necessary, and to state a few of them: the roof needs replacement; the foundations in the front part of the house have sunk about nine inches; the chimneys must be taken down; about one-third of the interior plastering must be removed and replaced; the brick columns supporting the front porch are weak and dangerous, and the foundations of the house are out of line. He attributes the condition of the house to 'settling' and testified that the repairs could not be conveniently made while the lower apartment was occupied. He estimates that a contractor would charge about $1,600.00 for the work, and he contemplates doing, it himself, as soon as the lower apartment is vacated, and after the completion of the job it is his intention to take over possession of the lower apartment.
"The only defense witness was the defendant himself, and he stated that it was his opinion that plaintiff lacked good faith, and that the extensive repairs and remodeling are not actually necessary.
"Were it not for the hereinafter mentioned legal point raised by counsel for defendant, I would have reversed the judgment appealed from and granted to plaintiff the relief which he seeks, as I am convinced of his good faith and believe that the premises are in a bad physical state, and that the repairs, alterations and remodeling are necessary and could not be safely or conveniently made so long as Moses continues in the lower apartment.
"The legal point made by defendant upon the trial on rehearing, which I have above referred to, is that plaintiff cannot be successful in his eviction suit because defendant had never been served with a sixty-day notice to vacate the premises before the suit was filed.
"Counsel concedes that the notice to vacate, upon which this suit is predicated, was in accordance with the provisions of the Housing and Rent Act of 1947 (50 U.S.C.A.Appendix, § 1881 et seq.), which was in force at the time the proceedings were instituted, and though conceding that the notice was proper under said act, he contends that the Housing and Rent Act of of 1948 (Pub.Law 464, 80th Congress, 2d Sess.), which became effective on April 1, 1948, and which amended the former act, contains the proviso that a sixty-day notice to vacate is necessary to support any action (including pending actions) brought by a landlord seeking possession of controlled housing accommodations. In other words, *Page 154 
it is counsel's contention that the 1948 amendment to the act contemplated that a sixty-day notice to vacate must precede the filing of a possession suit, and that the act is retrospective and affects this present suit which had been filed in the lower court on August 11, 1947.
"Since the matter in dispute involves an action by a landlord to eject his tenant, a verbal month to month lease at a monthly rental of less that $100.00 being involved, when this appeal was lodged in this court the matter was assigned for trial de novo before only one member of the court. When it came before me on a rehearing, and the legal question respecting the sixty-day notice was advanced by defendant, I realized that this question was of great general interest and importance, and is also involved in many cases of similar nature now pending in the First City Court of New Orleans, and perhaps also in some cases which have been appealed to and lodged in this court. Accordingly I have referred the matter to the entire court, having made a statement of the case and given my finding of facts upon which the court might premise its opinion on the question of law involved."
The dwelling of which possession is sought is a controlled housing accommodation and is governed by the Federal statutes pertaining to evictions. Section 209 (a) of the 1947 act, 50 U.S.C.A.Appendix, § 1899(a), provides that no action or proceeding to recover possession of any controlled housing accommodations shall be maintainable by any landlord against any tenant in any court, so long as the tenant continues to pay the rent to which the landlord is entitled, unless:
"* * * (2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations;
* * * * * *
"(4) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling, or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned; * * *."
It is to be noted that plaintiff claims possession of the premises upon the above two grounds. The 1947 Housing and Rent Act makes no provision for the type of notice to vacate to be served upon the tenant, and the matter of the notice is left to the regulations and laws of the various states. The notice in this case, at the time it was served, met all the requirements of the 1947 act, having been in conformity with R.S. § 2155, as amended.
The 1948 amendment to the Housing and Rent Act likewise permits a landlord to obtain possession of leased housing accommodations on the two grounds above mentioned. But the amendment, in Section 209(c), contains the following provision:
"No tenant shall be obliged to surrender possession of any housing accommodations * * * until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations * * *."
The quoted provision of the 1948 act, counsel for defendant contends, contemplates that a notice to vacate, allowing the tenant sixty days within which to do so, must be served, and that the sixty-day period must have elapsed before the proceeding for eviction can be instituted, and that whereas such notification had not been given to the tenant in this case, plaintiff is not entitled to maintain his action. Counsel has not favored us with argument, either verbal or in brief, supporting his contention as to his construction of the 1948 amendment.
[1] A careful reading of the above quoted proviso of the act indicates that counsel endeavers to place a construction on the language used therein not contemplated by the Congress. If it was the lawmakers' intention to require that a sixty-day notice must be served upon the *Page 155 
tenant, and that an ejectment suit cannot be brought until the sixty-day period had expired, unequivocal language to that effect would undoubtedly have been employed. The section in question states that "no tenant shall be obliged to surrender possession * * * until the expiration of at least sixty days after written notice * * *." (Italics ours.) It seems clear to us that the word "obliged" as used is a synonym of the words "compelled" "forced" and "required." The plain and reasonable meaning is that no tenant can be evicted until sixty days have expired counting from the date of the written notice, and that in any suit the judgment of eviction will not and cannot become operative or executory until sixty days after the notice to vacate had been served. There is nothing in the section which prohibits a landlord from bringing his proceeding against a tenant, after the notice required by local law, and all that the section intends is that under no circumstances can the tenant be ejected Until sixty days after the vacate notice was served.
We have been favored by the New Orleans Area Rent Attorney with a copy of an opinion rendered by the Office of the Housing Expediter, Office of Rent Control, at Dallas, Texas, dated April 8, 1948, and it is interesting to note that his construction of Section 209(c) is identical with ours. We quote from the opinion that part thereof which is pertinent here:
"We have discussed the general question of the meaning of Section 209(c) of the amended Rent Act insofar as the sixty-day notice period is concerned, and it appears from our telephone conversation with the National Office that our position on this question is that a tenant is entitled to hold possession of premises for a period of at least sixty days after the tenant has received written notice to move from the landlord, irrespective of whether or not a judgment was in existence on April 1, 1948. It appears that the new Regulations will not provide that a copy of the written notice to the tenant from the landlord must be filed with the area office. As a matter of fact, it appears that the new Regulations will not contain an eviction section.
"It appears that insofar as the Housing and Rent Act is concerned it is only necessary that the tenant receive at least sixty days' written notice prior to the time when he will be obliged to surrender possession of a housing accommodations. This notice could be given prior to April 1, 1948, and the Federal law will not be violated if the tenant is not obliged to deliver possession until the expiration of sixty days after the tenant has received written notice. Suppose written notice was received by a tenant on January 1, 1948, that the landlord wished possession of a housing accommodations for one of the purposes specified in the 1948 Act. The sixty-day period would begin to run after January 1, 1948, and the tenant could be immediately evicted after April 1, 1948, insofar as the Federal Law is concerned.
"It is to be noted that under the above set out interpretation a judgment in a state court could not under the Federal Law force a tenant to deliver possession of a housing accommodations until after the expiration of the sixty-day notice provided in the Act. Therefore, a state judgment evicting a tenant could not be enforced on or after April 1, 1948, unless sixty days had passed since written notice was given to the tenant. * * *"
[2] The Housing Expediter is charged with the administration and enforcement of the Housing and Rent Act. It is well settled that a contemporaneous construction placed upon a statute by executive or administrative officials is entitled to great weight. Of course, courts are not bound by their interpretations, but such opinions are very persuasive and are often called upon by courts when the construction of a statute is at issue.
[3] In the instant case, Moses was notified to vacate on July 16, 1947, and the rule was instituted on August 11, 1947. More than nine months have elapsed since the notification to vacate, and we fail to see that any provision of the 1948 amendment to the Housing and Rent Act requires that a further delay be afforded to defendant. It would be unreasonable to say that it was the intention of Congress to annihilate all pending ejectment suits by *Page 156 
requiring landlords to proceed all over again, commencing with the giving of a sixty-day notice to vacate. There can be no doubt that it was the intention of the lawmakers to grant a little more grace to defendants in possession suits by making certain in all cases, including pending actions, that no tenant would be dispossessed before sixty days had elapsed after the written notice to vacate.
For the reasons assigned, the original decree of this court is recalled, and the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that plaintiff's rule be made absolute, and the defendant is ordered to deliver plaintiff possession of the leased premises within the time prescribed by law; defendant-appellee is to pay costs of both courts.
Original decree recalled; judgment of trial court reversed.