CECILIA ESTHER ALMÉSTICA ET AL., Plaintiffs and Appellants, *v.* MIGUEL LAFITTE, Defendant and Appellee.

No. 9823.   Argued November 1, 1948.—Decided November 15, 1948.

*R. Atiles Moréu* for appellants.   *José Guillermo Vivas* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action of unlawful detainer at sufferance brought on May 3, 1948, in the District Court of Ponce, by Pedro Ismael Ríos against Miguel Lafitte, the complaint, in short, alleged that the plaintiffs owned an urban property recently acquired by them; that they sought in good faith to recover possession of said property for their personal use and occupancy; that they had served on the defendant a written notice informing him of the reason why they desired to recover said property; and that more than 60 days had elapsed since said notice was served.

The defendant demurred [1] to the complaint for want of jurisdiction, on the ground that the service of notice mentioned in the complaint was not effective, inasmuch as the 60–day period referred to in § 209 (c) of the Federal Housing and Rent Control Act had not yet expired, and for failure to state facts sufficient to constitute a cause of action. Both grounds of demurrer were overruled, and June 11 was set for resuming the preliminary hearing. At said hearing the parties introduced documentary evidence and it was stipulated that the defendant occupied plaintiffs' house by virtue of the payment of a rent to the former owners; that upon acquiring the property, the plaintiffs refused to receive the rent and that the defendant has been depositing the rentals in the municipal court. The defendant also admitted all the averments of the complaint. The court approved the stipulation and the parties then waived the second hearing, whereupon the case was submitted to the court for decision on its merits.

At this stage, on June 17, 1948, the court rendered judgment dismissing the complaint, with costs against the plaintiffs, plus $50 as attorney's fees. It considered that, since the complaint was filed on May 3, 1948, and since the Federal Housing and Rent Control Act of 1948 became effective on April 1 of that same year, it was impossible for the period of 60 days mentioned in §209 (c) of said Act to have expired, and that therefore the plaintiffs lacked a cause of action to evict the defendant from their property.

From the judgment thus rendered, the plaintiffs appealed to this Court, the medular question now under our consideration being the construction which should be given to § 209 (c) of the Federal Housing and Rent Control Act of 1948, 50 U.S.C.A., Appendix, § 1899. Said Section reads as follows:

---

[1] Since according to Rule 81 of the Rules of Civil Procedure, the latter are not applicable to a proceeding of this nature, it was possible to set up therein the demurrers mentioned in § 105 of the Code of Civil Procedure.

"(c) No tenant shall be obliged to surrender possession of any housing accommodations pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover ·possession of such housing accommodations for one of the purposes specified in such paragraphs."

██ Both parties and the lower court admit that, by express provision of § 306, the above-mentioned Act took effect on April 1, 1948. The notice was served on the defendant by the plaintiffs on February 17, 1948, and it is clearly stated therein that they confirmed their decision not to accept the contract of lease which the defendant had entered into with the former owner; that they granted him a period of grace up to the 29th of that same month and that if the defendant failed to vacate the property, they would take judicial action against him. The record shows that the notice served was received.

Section 209 (c) does not at all provide that the landlord is bound to notify the tenant and to give the latter 60 days of grace, subsequent to the taking effect of the Act, before he can bring his action of unlawful detainer. What is stated therein is that the tenant shall not be obliged to surrender possession of any housing accommodation until the expiration of at least 60 days after notice from the landlord that he desires to recover possession of his property. It was not the purpose of the 1948 Act to set aside all the actions pending on April 1, 1948, wherein such notice had not been served. The object of the amendment was not to permit that a tenant be evicted from a dwelling occupied by him unless he had been notified of the purpose to dispossess him 60 days prior to his eviction. It is true that, in the instant case, the notice was served prior to the taking effect of the Act of 1948; but on the date on which the action was brought the term of 60 days, counted from the service of notice, had already fully

expired, and the court was clearly empowered to take cognizance of the case.[2]

Since the lower court had jurisdiction, and since any defect in the complaint was cured when the parties stipulated that the defendant enjoyed the possession of the property by virtue of payment of rent to the former owners, and that the plaintiff had acquired the property and had refused to enter into any contract of lease with the defendant, judgment should have been rendered sustaining the complaint and ordering the defendant to surrender the property occupied by him.

The judgment appealed from should be reversed and another rendered sustaining the complaint in all its parts, with costs against the defendant.

---

[2] The Court of Appeal of Louisiana had before it a situation similar to the one involved herein and reached the same conclusion which we have reached now.   See *Porea v. Moses*, 35 So. 2d 152, decided on April 26, 1948.