Cecilia Esther Alméstica y Pedro Ismael Ríos, demandantes y apelantes, *v.* Miguel Lafitte, demandado y apelado.

Núm. 9823.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 15, 1948.

*R. Atiles Moréu,* abogado de los apelantes; *José Guillermo Vivas,* abogado del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En demanda sobre desahucio en precario radicada en 3 de mayo de 1948 por Cecilia Esther Alméstica y Pedro Ismael Ríos contra Miguel Lafitte ante la Corte de Distrito de Ponce se alega en síntesis: que los demandantes son dueños de una finca urbana adquirida por ellos recientemente; que de buena fe solicitan recobrar la posesión de dicha propiedad para su uso y ocupación personal; que enviaron notificación escrita al demandado indicando el motivo por el cual desean recobrar dicha finca y que han expirado más de sesenta días desde dicha notificación.

A esta demanda interpuso el demandado excepciones previas([1]) de falta de jurisdicción, basadas en que la notifica-

---

([1]) Como de acuerdo con la Regla 81 de las de Enjuiciamiento Civil éstas no son aplicables a un procedimiento de esta naturaleza, en el mismo podían interponerse las excepciones previas a que hace referencia el artículo 105 del Código de Enjuiciamiento Civil.

ción a que en la demanda se hace referencia no pudo surtir efecto por no haber transcurrido los sesenta días a que hace referencia la sección 209(c) de la Ley de Inquilinato Federal, y de falta de hechos constitutivos de causa de acción. Ambas excepciones fueron declaradas sin lugar, señalándose el 11 de junio para la continuación de la primera comparecencia. En ésta las partes ofrecieron prueba documental y se estipuló que el demandado ocupaba la casa de los demandantes mediante el pago de un canon de arrendamiento a los anteriores dueños; que al adquirir los demandantes la propiedad éstos se negaron a recibir el dinero de los alquileres y que el demandado ha estado consignando los cánones de arrendamiento en la Corte Municipal. El demandado admitió además todos los hechos de la demanda. La corte aprobó la estipulación y las partes renunciaron entonces a la segunda comparecencia, sometiendo el caso para que se dictara sentencia en sus méritos.

Así las cosas, en 17 de junio de 1948 la corte dictó sentencia declarando sin lugar la demanda, con costas a los demandantes, más $50 para honorarios de abogado. Entendió ella que habiéndose radicado la demanda en 3 de mayo de 1948 y habiendo empezado a regir el primero de abril del mismo año la Ley Federal de Inquilinato de 1948, era imposible que el período de sesenta días a que hace referencia la sección 209(c) de dicha ley hubiera transcurrido, por lo que los demandantes carecían de causa de acción para desalojar de su propiedad al demandado.

De la sentencia así dictada apelaron los demandantes para ante este Tribunal, siendo la cuestión medular que está ahora ante nos la interpretación que debe darse a la referida sección 209(c) de la Ley Federal de Inquilinato de 1948. Dicha sección, traducida al castellano, reza así:

"Ningún inquilino estará obligado a entregar la posesión de ninguna vivienda a tenor de las disposiciones de los párrafos (2), (3), (4), (5), o (6) del inciso (a) hasta que hayan expirado por lo

menos sesenta días después de haberle el arrendador notificado por escrito que desea recobrar la posesión de tal vivienda para uno de los fines especificados en dichos párrafos. (²)

 Tanto las partes como la corte inferior admiten que por disposición expresa del artículo 306 de la citada ley la misma empezó a regir el primero de abril de 1948. La notificación de los demandantes al demandado fué hecha en 17 de febrero de 1948 y en ella claramente dicen a éste que ratifican su decisión de no aceptar el contrato de arrendamiento que el demandado tenía con el anterior dueño; que le conceden como término de gracia hasta el 29 del mismo mes y que si el demandado no se muda procederán judicialmente contra él. Consta de los autos que la notificación fué recibida.

La sección 209(c) no expresa en forma alguna que el arrendador estará obligado a notificar al inquilino y a dar a éste un término de gracia de sesenta días con posterioridad a la vigencia de la ley para poder entablar su demanda de desahucio. Lo que sí dice ella es que el inquilino no estará obligado a entregar la posesión de ninguna vivienda hasta que hayan transcurrido por lo menos sesenta días después de haberle notificado el arrendador que desea recobrar la posesión de su propiedad. La ley de 1948 no tuvo por miras dejar sin efecto todas las acciones pendientes en primero de abril de 1948, en las cuales no se hubiera hecho tal notificación. El objeto de la enmienda fué no permitir que un inquilino sea lanzado de la vivienda que ocupa a menos que se le haya notificado del propósito de desahuciarlo con sesenta días de antelación a su lanzamiento. Es cierto que en el presente caso la notificación se hizo en

---

(²) La sección 209 (c) según figura en el idioma inglés lee así:

"(c) No tenant shall be obliged to surrender possession of any housing accomodations pursuant to the provisions of paragraph (2), (3), (4), (5), or (6) of subsection (a) until the expiration of at least sixty days after written notice from the landlord that he desires to recover possession of such housing accommodations for one of the purposes specified in such paragraphs."

Sección 209(c) *Housing and Rent Control Act of 1948,* 50 *U.S.C.A., Appendix,* sección 1899.

época anterior a la vigencia de la Ley de 1948, pero para la fecha en que se presentó la demanda el término de sesenta días contado a partir de la notificación ya había transcurrido en exceso y la corte estaba plenamente facultada para conocer del recurso.([3])

Teniendo jurisdicción la corte a quo y habiéndose subsanado cualesquiera defectos de que pudiera adolecer la demanda al estipularse que el demandado disfrutaba de la posesión de la propiedad mediante el pago de un canon de arrendamiento a los anteriores dueños y que los demandantes habían adquirido la finca y se habían negado a celebrar contrato alguno de arrendamiento con el demandado, lo procedente era dictar sentencia declarando la demanda con lugar y ordenando al demandado que desaloje la propiedad que ocupa.

*Debe revocarse la sentencia apelada y en su lugar dictarse otra declarando la demanda con lugar en todas sus partes, con costas al demandado.*

---

([3]) La Corte de Apelaciones del Estado de Louisiana tuvo ante sí una situación muy similar a la aquí envuelta y llegó a la misma conclusión a que ahora llegamos. Véase *Porea* v. *Moses*, 35 So.2d 152, resuelto el 26 de abril de 1948.